IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Gray Rutledge, | ) | Case No.: 2:26-cv-01494-JD-WSB |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| Aaron Gauge and Stacey Beam, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the Court for review of the Report and Recommendation

(the "Report") of United States Magistrate Judge William S. Brown, issued under 28

U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2) (D.S.C.). (DE 16.) The Report

recommends dismissing this action without further leave to amend and without

issuance and service of process.[1] The time for filing objections has expired, and no

objections have been filed.

### A.    Background

Plaintiff, proceeding *pro se* and in *forma pauperis*, filed this action under 42

U.S.C. § 1983 against Aaron Gauge ("Gauge"), a bail bondsman, and Stacey Beam

("Beam"), the owner of a private electronic-monitoring company. Plaintiff alleges that

Defendants required him to wear a GPS ankle monitor that a court did not order and

---

[1]    The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

that Gauge later surrendered his bond and caused his return to custody. Plaintiff seeks monetary damages under the Fourth and Fourteenth Amendments and also appears to assert claims arising under South Carolina law. (DE 1; DE 11.)

On April 16, 2026, the Magistrate Judge advised Plaintiff that the original Complaint was subject to summary dismissal because the private Defendants were not alleged to have acted under color of state law and because the pleading did not otherwise state a federal claim. (DE 8.) Plaintiff was given twenty-one days to file an amended complaint and was specifically warned that failure to cure the identified deficiencies would result in a recommendation of dismissal without further leave to amend.

Plaintiff filed an Amended Complaint on May 15, 2026. (DE 11.) He alleged that Defendants acted jointly with each other in providing bail-bond and monitoring services and invoked the public-function and nexus tests. But he did not identify any judge, law-enforcement officer, prosecutor, detention official, or other governmental actor who directed, participated in, or jointly undertook the challenged conduct. To the contrary, Plaintiff alleges that the bond court did not authorize the ankle monitor and that Defendants acted without court approval.

The Report concludes that the Amended Complaint still fails to state a claim under § 1983 because Defendants are private parties and Plaintiff has not alleged facts showing that either acted under color of state law. The Report further recommends declining supplemental jurisdiction over any state-law claims and

2

discusses abstention under *Younger v. Harris*, 401 U.S. 37 (1971), as an alternative ground for dismissal. (DE 16.)

**B.     Legal Standard**

The Court must review de novo only those portions of the Report to which a party makes a specific objection. 28 U.S.C. § 636(b)(1). To be actionable, objections must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. *See United States v. Schronce*, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). "The Supreme Court has expressly upheld the validity of such a waiver rule, explaining that 'the filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing *Thomas v. Arn*, 474 U.S. 140, 147 (1985)).

When no specific objection is made, the Court need not conduct de novo review and need only satisfy itself that there is no clear error on the face of the record before accepting the recommendation. *Diamond v. Colonial Life & Accident Insurance Co.*, 416 F.3d 310, 315 (4th Cir. 2005); *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

**C.     Discussion**

Because Plaintiff proceeds *in forma pauperis*, 28 U.S.C. § 1915(e)(2)(B)(ii) requires dismissal if the action fails to state a claim. The Court does not rely on § 1915A, which applies to prisoner actions seeking redress from governmental entities, officers, or employees; the named Defendants are private parties.

3

A § 1983 claim requires a deprivation of a federal right by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988). Private conduct is not ordinarily actionable unless the private party acts jointly with a public official or the conduct is otherwise fairly attributable to the State.

The Amended Complaint does not satisfy that requirement. Gauge and Beam are alleged to have cooperated only with each other, and Plaintiff identifies no public official who participated in the arrest, bond surrender, monitoring requirement, or related conduct. His public-function theory is also undermined by his allegation that the bond court did not authorize the GPS monitor. Unlike *Jackson v. Pantazes*, 810 F.2d 426 (4th Cir. 1987), no joint action between a bondsman and a governmental official is alleged. The Amended Complaint therefore fails to plead state action.

Plaintiff was given specific notice of this defect and a meaningful opportunity to amend. His Amended Complaint added legal labels and additional detail but did not allege facts curing the absence of state action. Further amendment would, therefore, be futile. The federal claims against Gauge and Beam will be dismissed with prejudice under § 1915(e)(2)(B)(ii), without further leave to amend and without issuance and service of process.

The pleadings also appear to assert state-law claims. Having dismissed all claims over which it has original jurisdiction, the Court declines supplemental jurisdiction under 28 U.S.C. § 1367(c)(3). The Amended Complaint does not adequately allege diversity jurisdiction. Any state-law claims will be dismissed without prejudice.

4

Because the absence of state action is dispositive, the Court does not reach the Report's alternative constitutional-merits or *Younger* analyses. The Court adopts the state-action analysis and recommended dismissal, as modified and supplemented here.

## D.     Conclusion

Accordingly, the Court ADOPTS IN PART the Report and Recommendation (DE 16), as supplemented and modified by this Order. Plaintiff's federal claims against Defendants Aaron Gauge and Stacey Beam are DISMISSED WITH PREJUDICE under 28 U.S.C. § 1915(e)(2)(B)(ii), without further leave to amend and without issuance and service of process. To the extent the Amended Complaint asserts claims arising under South Carolina law, the Court declines to exercise supplemental jurisdiction under 28 U.S.C. § 1367(c)(3), and those claims are DISMISSED WITHOUT PREJUDICE. The Clerk is directed to enter judgment and close the case.

**IT IS SO ORDERED**.

_____
Joseph Dawson, III
United States District Judge

Florence, South Carolina
July 31, 2026

## NOTICE OF RIGHT TO APPEAL

A party seeking to appeal must file a notice of appeal with the Clerk of Court within thirty (30) days after entry of the judgment. Fed. R. App. P. 3, 4(a)(1)(A).